[Cite as *State v. M.J.*, 2026-Ohio-2464.]

## IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF WILLOUGHBY HILLS,<br><br>               Plaintiff-Appellee,<br><br>    - vs -<br><br>M.J.,<br><br>               Defendant-Appellant. | CASE NO. 2025-L-120<br><br>Criminal Appeal from the<br>Willoughby Municipal Court<br><br>Trial Court No. 2021 CRB 02200 |

## OPINION AND JUDGMENT ENTRY

Decided: June 29, 2026
Judgment: Reversed and remanded

*Michael Kenny*, Willoughby Hills Prosecutor, and *Eric R. Fink*, 11 River Street, Kent, OH 44240 (For Plaintiff-Appellee).

*Patrick C. Haney* and *Matthew L. Alden*, The Legal Aid Society of Cleveland, 1223 West 6th Street, Cleveland, OH 44113 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, M.J., appeals from the judgment of the Willoughby Municipal Court, denying her motion to expunge. Although the trial court provided a basis for denying the motion to expunge, we find that did not include sufficient information to enable this court to review whether it considered all necessary factors for ruling on the motion. Since its rationale was not reduced to the record in a manner that would allow this court to defer to its ruling, it is necessary for the trial court to identify with particularity the basis for denial of the motion under the R.C. 2953.32(D)(1) factors. Thus, we reverse

the lower court's judgment and remand for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶2} On September 1, 2021, M.J. entered a guilty plea to Theft, a misdemeanor of the first degree. The court ordered her to serve a 180-day jail sentence with 120 days suspended and she was placed on community control sanctions for two years. She was ordered to pay restitution to Giant Eagle in the amount of $5,823.64.

{¶3} On July 22, 2025, M.J. filed a motion to expunge and the court held a hearing on the motion. Pursuant to the App.R. 9(C) statement of the hearing, M.J. was the only party to attend. M.J. testified that she was unemployed, had lost two jobs because of her conviction, and that a previous employer would hire her only if her conviction was expunged. She also indicated she had been accepted into nursing school and wanted to clear her criminal record to obtain a job upon graduation.

{¶4} The court filed a judgment entry on September 8, 2025, denying the application. It noted that a report concerning the applicant "has been received from the Probation Department" and "the Court has considered the objection filed by the Prosecutor, if any, and the oral or written statement of any victim, victim's representative, and victim's attorney, if any." It concluded: "the Court finds that the interest of the Applicant in having the records pertaining to her conviction expunged are outweighed by legitimate needs of the government to maintain those records. The within conviction is for an offense of dishonesty. Accordingly, the Court finds the Application not to be well taken and is denied."

{¶5} M.J. timely appeals and raises the following assignments of error:

{¶6} "[1.] The trial court erred in denying M.J.'s expungement application by wrongly treating her misdemeanor theft conviction as an offense ineligible for expungement under R.C. 2953.32(A)(1)."

{¶7} "[2.] The lower court erred by not granting M.J.'s expungement application when she testified to her legitimate interest in the expungement and there was no opposition to the application."

**Expungement Proceedings**

{¶8} "R.C. 2953.32(B)(1) provides that an offender may apply for the sealing or expungement of a criminal matter." *State v. C.J.R.*, 2025-Ohio-2477, ¶ 8 (11th Dist.). "[A]n eligible offender may apply to the sentencing court . . . for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in division (A)(1)." R.C. 2953.32(B)(1). R.C. 2953.32(A)(1) provides a list of offenses to which R.C. 2953.32 does not apply such as, inter alia, offenses of violence, sexually-oriented offenses, and first or second degree-felony offenses.

{¶9} Decisions regarding the trial court's ruling on motions to seal or expunge are generally reviewed for an abuse of discretion. *C.J.R.* at ¶ 9, citing *State v. Miller*, 2023-Ohio-2651, ¶ 13 (11th Dist.); *State v. Myrick*, 2025-Ohio-694, ¶ 8 (5th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). However, "[w]hen an appellate court must interpret and apply statutory provisions, its standard of review is de novo." *C.J.R.* at ¶ 9.

**Eligibility for Expungement**

{¶10} In her first assignment of error, M.J. argues that the trial court violated R.C.

2953.32(A)(1) by "effectively treat[ing] M.J.'s conviction as ineligible for expungement" when such conviction was eligible under the statute.

{¶11} There is no question here that the Theft offense for which M.J. was convicted does not fall under those listed in R.C. 2953.32(A)(1) such that M.J. would be ineligible for expungement under that provision. It is accurate that the court could not deny her motion on the grounds that a theft offense is not an offense for which an individual can seek expungement. However, the lower court did not state that M.J. could not seek expungement because theft was an ineligible offense. Instead, in its analysis of whether expungement should be granted, the court stated its finding that M.J.'s interest was outweighed by government needs as well as noted that the offense was one involving dishonesty. A court is not prohibited from mentioning or considering the nature of the offense as one factor amongst others. *See State v. M.J.*, 2019-Ohio-1420, ¶ 21 (11th Dist.) ("a court cannot deny an application solely on the nature of the offense; if, however, the trial court adequately considered and placed its findings on the record, it must consider the nature of the offense as a factor in denying a motion"). We do not find that the trial court improperly applied the law in determining whether the offense was eligible for expungement. The lower court's statement regarding the nature of the offense is more significant in relation to the weighing of the expungement factors, which will be addressed in the second assignment of error.

{¶12} The first assignment of error is without merit.

**Review of Expungement Factors Under R.C. 2953.32(D)(1)**

{¶13} In her second assignment of error, M.J. argues that the lower court abused its discretion by determining that her interests were outweighed by government needs

Case No. 2025-L-120

without evidentiary support and by relying on the nature of the offense to find that the governmental interest outweighed her own. We agree. We analyze the question under the framework the Ohio Supreme Court reaffirmed in *State v. J.B.*, 2026-Ohio-1405, which confirms both the deference owed to a trial court's sound exercise of discretion and the outer limits of that deference.

{¶14} "[E]xpungement is an act of grace created by the state" and "a privilege, not a right." *State v. Hamilton*, 1996-Ohio-440, ¶ 14; *State v. Brewer*, 2003-Ohio-701, ¶ 16 (11th Dist.). "[A]n expungement hearing provides the court with the opportunity to review matters of record and to make largely subjective determinations regarding whether the applicant is rehabilitated and whether the government's interest in maintaining the record outweighs the applicant's interest in having the record sealed." *Hamilton* at ¶ 15.

{¶15} Trial courts apply a two-step analysis when determining whether to grant an application to expunge or seal. *State v. Campbell*, 2025-Ohio-5119, ¶ 22 (1st Dist.); *State v. T.W.C.*, 2025-Ohio-2890, ¶ 9. First, the trial court "determines whether the offender is an 'eligible offender,' including whether the offender has waited the requisite time before filing." (Citation omitted.) *T.W.C.* at ¶ 9. Second, it "weighs a number of substantive considerations for and against the sealing." (Citation omitted.) *Id.*

{¶16} "R.C. 2953.32(D)(1) requires a trial court to assess the same seven factors before granting an application for record sealing or expungement." *State v. N.S.*, 2025-Ohio-5166, ¶ 20 (1st Dist.). Pursuant to R.C. 2953.32(D)(1), a court shall (a) determine whether the application is pursuing expungement of a prohibited crime and was made in the specified time period; (b) determine whether criminal proceedings are pending against the applicant; (c) determine whether the applicant has been rehabilitated to the court's

satisfaction; (d) consider any objections to the application advanced by the prosecutor; (e) consider any objections raised by the victim; (f) "[w]eigh the interests of the applicant in having the records pertaining to the applicant's conviction . . . expunged against the legitimate needs, if any, of the government to maintain those records"; and (g) consider any oral or written victim statements. If the court finds that all of these factors are met in favor of the applicant, it "shall order all official records of the case that pertain to the conviction . . . expunged." R.C. 2953.32(D)(2)(a).

{¶17} We recognize the discretion that must be afforded to the trial court and the subjective nature of the factual determinations underlying an expungement ruling. *Hamilton*, 1996-Ohio-440, at ¶ 15; *State v. Dewey*, 2021-Ohio-1005, ¶ 19 (11th Dist.). The Ohio Supreme Court recently reaffirmed that deference in *J.B.*, holding that an appellate court conducting abuse-of-discretion review "is not free to substitute its judgment for that of the trial judge." *J.B.* at ¶ 13, quoting *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990). The same standard requires that the trial court's decision be not "made without 'consideration of or regard for facts or circumstances.'" *J.B.* at ¶ 13, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12. Accordingly, a trial court must "provide sufficient information in its decision to enable a reviewing court to ascertain whether it [had] considered *all matters* that must be evaluated and whether it [had] applied the correct tests under the statute." (Emphasis sic.) *State v. N.C.*, 2022-Ohio-781, ¶ 11 (9th Dist.). Where, as in *J.B.*, the trial court recites the underlying facts of the conviction, identifies a specific governmental interest tied to the record, and articulates a reasoning process connecting the two, the reviewing court must defer. Where the trial court does not do so, the abuse-of-discretion standard—even as reaffirmed in *J.B.*—does not require an

Case No. 2025-L-120

appellate court to supply a reasoning process was never reduced to the record.

**Findings on R.C. 2953.32(D)(1) Factors**

{¶18}   Turning to the seven factors that R.C. 2953.32(D)(1) requires the trial court to assess, the record in this case does not permit meaningful appellate deference.  Under factor (a), the Theft offense is eligible for expungement and M.J. filed within the appropriate time period; this is undisputed.   Under factor (b), nothing in the record indicates any pending criminal proceedings.  Under factor (c), rehabilitation, the court did not address the issue; the record reflects that M.J. served her sentence, was placed on community control that was terminated on September 1, 2023, paid her restitution in full on May 2, 2024, and has been accepted into nursing school.  There is no record evidence of continuing criminal conduct after her 2021 conviction.  As to factors (d), (e), and (g)—prosecutor's objections, victim objections, and any oral or written victim statements—no objections were filed, there were no victim statements, the State did not appear at the hearing, and the only testimony before the court was M.J.'s own.  Although the entry stated the court considered a report from the Probation Department, no such report appears on the docket and the entry references no specific statement from it.

{¶19}   The operative factor is thus (f)—the weighing of M.J.'s interest in expungement against the legitimate needs, if any, of the government to maintain the records.  On that factor, the trial court's entire articulated rationale was that M.J.'s interest was "outweighed by legitimate needs of the government to maintain those records" and that "[t]he within conviction is for an offense of dishonesty."  On this record, we hold that the denial of the motion to expunge was an abuse of discretion.

{¶20}   Our holding is consistent with *J.B.*  The *J.B.* Court confirmed that a trial court

Case No. 2025-L-120

may consider the nature of an applicant's convictions when weighing the government's interest, and that the State's failure to object does not relieve the trial court of its duty to weigh the governmental interest. *J.B.* at ¶ 16-17. But *J.B.* did not disturb—indeed, it relied upon—the longstanding principle that a discretionary decision must reflect a reasoning process tied to the record. *Id.* at ¶ 13, 21.

{¶21} In *J.B.*, the trial court's entries recited the underlying facts of each conviction, made a specific rehabilitation finding grounded in the applicant's continued criminal conduct after the offenses she sought to seal, and identified a particularized governmental interest tied to the applicant's chosen profession—that her social-work clients and employers "have a right to know of these proceedings and address them as they see fit." *Id.* at ¶ 5-7. The Ohio Supreme Court deferred to that reasoning "given the trial court's explanation of its decision with reference to the record before it." *Id.* at ¶ 21. Here, by contrast, the trial court recited no underlying facts beyond the offense label, made no rehabilitation finding, and identified no governmental interest beyond the conclusory characterization of the offense as "one of dishonesty."

**Applicable Precedent on Weighing of the Statutory Factors**

{¶22} This court's opinion in *M.J.*, *supra*, remains instructive. In *M.J.*, the defendant moved to seal his record, indicating that security restrictions resulting from his conviction precluded him from completing certain tasks in his job and from seeking other employment in his field. *Id.* at ¶ 16-17. The trial court denied the motion, finding that his need was outweighed by a legitimate government interest and noting the seriousness of his conduct in committing the underlying offense. *Id.* at ¶ 18. This court reversed, holding that "to establish a need, the state is required to set forth a legitimate basis other than the

circumstances and nature of the crime to provide the court with the necessary evidence to conduct the weighing process. The state failed to do so and, as such, the trial court had insufficient evidence to conduct the [statutory] weighing exercise." *Id.* at ¶ 23. This court has subsequently reiterated that, in *M.J.*, "the court possessed specific evidence that unless the appellant's record was sealed, he would be prevented from engaging in his chosen employment" and "[t]hese facts . . . demonstrated specific reasons that militated in favor of sealing the record which outweighed any purported governmental interest in maintaining them public." *State v. Herrick*, 2020-Ohio-6917, ¶ 18 (11th Dist.). Nothing in *J.B.* disturbs that holding. *J.B.* addressed whether a trial court may consider the nature of an offense and whether the prosecutor's failure to object precludes consideration of a governmental interest. *J.B.* at ¶ 16-17. It did not hold that a trial court may deny an application based on the label attached to the offense, without any articulated reasoning process connecting that label to a specific governmental interest. On the contrary, *J.B.* expressly rests its deferential posture on the presence of the "trial court's explanation of its decision with reference to the record before it." *Id.* at ¶ 21. Here, as in *M.J.*, the trial court articulated no reason showing a legitimate governmental interest apart from the nature of the crime, nor did the State appear or present any such interest that might outweigh M.J.'s documented difficulties in seeking and maintaining employment and pursuing her nursing education.

{¶23} Other districts have reached the same conclusion in analogous circumstances. In *State v. S.C.*, 2021-Ohio-366 (6th Dist.), the trial court denied S.C.'s request to expunge and seal his record, finding that the state's interest in maintaining the record of conviction outweighed his interest and characterized the underlying offense as

Case No. 2025-L-120

"extremely serious." *Id.* at ¶ 3 and 11.  S.C. testified that he did not seek new employment for fear his conviction would deter employers from hiring him.  *Id.* at ¶ 12.  The appellate court found that the trial court abused its discretion because "[t]here must exist a legitimate interest in maintaining the applicant's criminal record 'other than the circumstances and nature of the crime'" and that "no other interest was articulated by the prosecutor or by the court."  *Id.* at ¶ 13, citing *M.J.* at ¶ 23.  The distinction between that approach and the approach approved in *J.B.* is the presence or absence of articulated reasoning.  Where a trial court recites the underlying facts, identifies a particularized governmental interest, and ties the two together, *J.B.* commands deference.  *J.B.* at ¶ 21. Where a trial court does none of those things, the decision "is one made without 'consideration of or regard for facts or circumstances'" and cannot be insulated from review by the mere invocation of discretion.  *J.B.* at ¶ 13.

**Procedure to Follow on Remand**

{¶24}  As demonstrated by these authorities and by the Ohio Supreme Court's recent decision in *J.B.*, a conclusory statement that the government interests outweigh the applicant's—unaccompanied by any articulated reasoning connecting a particularized governmental need to the record before the court—is insufficient to sustain the denial of an application to expunge. The judgment of the trial court is reversed.  This matter is remanded to the trial court with the following specific instructions.  The trial court shall, on the existing record as it stood at the time of its September 8, 2025 judgment entry and without conducting a new hearing or receiving any additional evidence, argument, or submissions from any party, issue a new judgment entry making specific findings on each of the seven factors enumerated in R.C. 2953.32(D)(1).  In doing so, the trial court shall

Case No. 2025-L-120

(a) identify with particularity any specific governmental interest in maintaining the records, beyond the nature of the offense itself, that it relies upon in the weighing required by R.C. 2953.32(D)(1)(f); (b) identify with particularity any record evidence supporting any finding that appellant has not been rehabilitated; and (c) explain its reasoning for ruling on the motion for expungement consistent with the court in *J.B.*, 2026-Ohio-1405. *Id.* at ¶ 21. The trial court's authority on remand is confined to the foregoing. It shall not reopen the proceedings, conduct a new hearing, or consider any matter not contained in the record at the time of the September 8, 2025 entry. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 4 (1984); *State ex rel. TRW, Inc. v. Jaffe*, 78 Ohio App.3d 411, 415 (8th Dist.1992).

{¶25} The second assignment of error is with merit.

{¶26} For the foregoing reasons, the judgment of the Willoughby Municipal Court, denying M.J.'s motion to expunge, is reversed and this matter is remanded with the specific instructions set forth in paragraph 23 of this opinion. Costs to be taxed against appellee.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the first assignment of error is without merit and the second assignment of error is with merit. The order of this court is that the judgment of the Willoughby Municipal Court is reversed and this matter is remanded with the specific instructions set forth in paragraph 23 of the Opinion of this court. The trial court's authority on remand is limited to issuing a new judgment entry on the existing record containing specific findings on each factor enumerated in R.C. 2953.32(D)(1), consistent with *State v. J.B.*, 2026-Ohio-1405, and the trial court shall not conduct a new hearing or receive additional evidence, argument, or submissions.

Costs to be taxed against appellee.

JUDGE SCOTT LYNCH

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-120